# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM J. CUNDITT,

    *Plaintiff*,

vs.

HIGH DESERT STATE PRISON, *et al.*

    *Defendants*.

3:11-cv-00397-ECR-RAM

ORDER

    Plaintiff has filed, at the very least, a civil rights complaint. Neither a filing fee nor an application to proceed *in forma pauperis* was received with the papers presented.

    It does not appear from the actual factual allegations presented in the complaint that a promptly filed new civil rights action would be time-barred under the applicable two-year statute of limitations. The Court therefore will dismiss the improperly-commenced civil rights action without prejudice to a properly-commenced civil rights action.

    Plaintiff additionally has submitted a stack of 268 additional pages with the complaint. In this stack, plaintiff has included either originals or copies of two Section 2255 motions that would seek to challenge his Nevada state conviction. See #1-1, at 13-27 and 34-46. It appears that one such motion may be a copy of papers that plaintiff sent to the American Civil Liberties Union. See #1-1, at 27. Out of an abundance of caution, the Court will direct the Clerk to open a new habeas action and file these motions therein along with a copy of this order. In the new habeas action, plaintiff first will have to satisfy the $5.00 filing fee requirement for a habeas action or seek leave to proceed *in forma pauperis*. He further must

file any such request for federal habeas relief on a Section 2254 petition form. Once the new habeas action is opened, the presiding judge assigned to the new habeas action will issue orders directing the next action in that case, as to the filing fee and otherwise.

When plaintiff files a new civil rights action, he should note the following.

First, he can present only one complaint or petition per action. He may not submit multiple different pleadings at one time in one civil action.

Second, for each action filed, plaintiff must either pay the filing fee or submit an application to proceed *in forma pauperis* with all required financial attachments. The filing fee for a habeas action is $5.00. The filing fee for a civil rights action is $350.00, which, depending on petitioner's finances, may be paid in installments from petitioner's inmate trust account.

Third, plaintiff is not required to – and should not – file supporting papers with his civil rights complaint. He in particular does not need to file copies of his kites and grievances, correspondence, and research notes. Nor does he need to provide documentary proof of exhaustion of administrative remedies with the complaint. Plaintiff instead must state the material factual allegations supporting his claims within the four corners of the complaint itself. The Court will not look through a stack of documents for supporting facts in determining whether plaintiff has stated a claim upon which relief may be granted. Further, if plaintiff wishes particular relief from the Court over and above the requests for relief in the complaint, he must file a properly-captioned motion, not a letter. The Court will not sift through a stack of documents in an attempt to determine whether plaintiff is seeking relief in some attached letter rather than merely attaching a copy of a letter as supporting documentation.

Fourth, plaintiff may need to spell his name more clearly, as his lower case "f" may look like a lower case "t." The Clerk read plaintiff's last name as "Cunditt" when it appears that plaintiff's last name instead is "Cundiff" in the NDOC materials attached with the complaint.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new properly commenced civil rights action under a new docket number with either the required filing fee or a properly completed application to proceed *in forma pauperis*.

1    IT FURTHER IS ORDERED that the Clerk of Court shall open a new habeas action
2 with a 530 nature of suit code and shall file a copy of the papers filed by plaintiff herein at #1-
3 1, at 13-27 and 34-46, in that new habeas action along with a copy of this order, in a manner
4 consistent with the Clerk's current practice in such matters.
5    The Clerk further shall send plaintiff two copies each of an *in forma pauperis*
6 application form for a prisoner, a blank Section 1983 complaint form, and a Section 2254
7 noncapital habeas petition form, together with one copy of the instructions for each form and
8 a copy of #1-1, at 1-46.
9    Finally, as to the present civil rights action, the Clerk shall enter final judgment
10 accordingly, dismissing this action without prejudice.
11    DATED:  7th day of June 2011.

_____
EDWARD C. REED
United States District Judge